UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANIEL LONG, ET AL.    :    NO. 3:01CV01684 (WWE)
    Plaintiffs

VS.    :

ROBERT DUDLEY, JR., ET AL. :    SEPTEMBER 20, 2004
    Defendants

### MOTION
### TO POSTPONE START OF TRIAL
### (BUT NOT JURY SELECTION)

The undersigned counsel of record for the defendants respectfully moves to postpone the start of the retrial of the claim of Daniel Long against Robert Dudley in the above-captioned matter, and the scheduled settlement conference.

The Court may also wish to postpone the jury selection, but I am available for Jury Selection September 27, 2004.

I have been advised the Court wishes to conduct Jury Selection and retrial in the above-captioned matter September 27, 2004 through September 30, 2004.

There are three reasons for the postponement we seek.

**Reasons for the requested relief.**

1. **Pending motion.** Based on a recent ruling in the U. S. Court of Appeals for the Second Circuit, I am today filing a motion for the Court to reconsider our prior motion for a new trial of the claim of Yvette Lay against co-defendant Sharon Bergel. Ms. Bergel is available for trial on short notice.

The Court will recall that there was a verdict against Ms. Bergel. We

**ORAL ARGUMENT IS REQUESTED**
**TESTIMONY IS NOT REQUIRED**

moved for a new trial, which was denied by this Court. We appealed, but after discussion with Staff Counsel at the Court of Appeals we withdrew the appeal without prejudice until there is a final verdict on all the claims in this case.

The Second Circuit has recently ruled in a manner that we believe effectively upholds the reasons we offered for that new trial.

If we are correct about the importance of that recent Second Circuit ruling, it would be a waste of judicial resources to wait until we appeal from the verdict against Ms. Bergel and this Court's denial of a new trial and end up trying the case a third time (the first combined trial, a retrial of the claim against Officer Dudley, and then a retrial of the claim against Ms. Bergel).

**2. Conflicting trial.** I begin trial today, September 20, 2004, for about a week, before the Hon. Peter C. Dorsey. The jury has already been selected.

### 3. Four temporary unavailability of witnesses and counsel.

**Robert Mastropetre.** The key witness for defendant Dudley was the other officer accused by Mr. Long but found not liable by the jury at the first trial, Robert Mastropetre. He was right next to Officer Dudley at the time of the incident.

Officer Mastropetre advises me that he has recently been assigned to the Federal Bureau of Investigation/State Task Force and is to undergo, together with other new assignees to that Task Force, <u>a special F.B.I. training session September 27 through October 2, 2004</u>.

**Detective Reachel Incognilios.** <u>If</u> the Court grants my request to retry the

-2-

claim of Ms. Lay against Sharon Bergel, Reachel Incognilios will be a key eye witness. Detective Incognilios was also a defendant accused of misconduct by Ms. Lay, but the jury found in favor of Detective Incognilios.

Detective Incognilios will be <u>out of State September 26 through October 2, 2004</u> on a vacation for which she has already purchased travel and accommodations.

**<u>Defendant Dudley.</u>**   If the Court reschedules the start of trial we also ask that the Court take into consideration that Sgt. Dudley has a previously scheduled hearing in a family matter <u>October 12, 2004</u>.   Sgt. Dudley must meet with his attorney at least the day before, <u>October 11, 2004</u>, to prepare.

<u>NOTE:</u> Officer Dudley also has a child-care obligation that varies from month to month depending on his wife's work schedule, which varies from month to month, and so I might also have to ask that on certain days we start a little later in the morning. But this is still a short trial.

**<u>David Brown, a supervisor for AMR Ambulance Service</u>**, was also a key witness who helped subdue Mr. Long and then helped treat him in the ambulance. Mr. Brown recently began new employment and advises me he must be <u>in Boston October 4 through 9, 2004</u> for a special training session.

**<u>Undersigned defense counsel.</u>**  If the Court reschedules the start of trial we also ask that the Court take into consideration that the undersigned defense counsel (A) will be in a previously scheduled State trial beginning with jury selection Friday, <u>October 8, 2004 and continuing into the next week</u>, (B) will be out-of-State at a

-3-

previously scheduled family event <u>Friday, October 16 through Monday, October 19, 2004</u>.

**Conclusion as to scheduling.**

For the foregoing reasons,

(A) if the Court decides to conduct Jury Selection September 27, 2004, I am available, and

(B) if the Court postpones the currently anticipated start of trial I and my witnesses can be available from October 20 through 30, 2004.

(C) The undersigned's next currently scheduled court obligation is November 9, 2004, for Jury Selection (and perhaps start of trial) before the Hon. Robert C. Chatigny.

Respectfully submitted,

_____
Martin S. Echter
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Phone: (203) 946-7964
Fax: (203) 946-7942
Fed. Bar No. ct07596

Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be mailed, FAXED and MAILED, POSTAGE PREPAID, to The Law Offices of Williams & Pattis, 51 Elm Street, New Haven, CT 06510, this day of September 2004.

_____
Martin S. Echter

-4-