UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIEL LONG, ET AL.<br>    Plaintiffs | : | NO. 3:01CV01684 (WWE) |
| VS. | : | |
| ROBERT DUDLEY, JR., ET AL.<br>    Defendants | : | SEPTEMBER 20, 2004 |

**MOTION TO RENEW MOTION
TO SET ASIDE VERDICT AGAINST SHARON BERGEL
GRANT NEW TRIAL, AND
<u>CONSOLIDATE WITH RETRIAL OF CLAIM AGAINST ROBERT DUDLEY, JR.</u>**

In the interest of judicial economy and based upon a recent ruling of the United States Court of Appeals for the Second Circuit, the undersigned counsel of record for all defendants in the above-captioned case respectfully moves this Honorable Court to (A) set aside the verdict of plaintiff Yvette Lay against defendant Sharon Bergel, (B) order a new trial of the claim of plaintiff Yvette Lay as to defendant Sharon Bergel, and (C) consolidate such new trial as to defendant Sharon Bergel with the retrial of the claim of plaintiff Daniel Long against defendant Robert Dudley, Jr, tentatively scheduled for September 27 through 30, 2004.

**Summary of Argument.**

This motion is based on a new recent ruling of the U. S. Court of Appeals for the Second Circuit, <u>Kerman</u> v. <u>The City of New York, et al.</u>, 374 F.3d 93 (2d Cir., Decided June 28, 2004) which recognizes the significance of providing a jury with "interrogatories . . . sufficiently specific to permit it to resolve the factual disputes that

**ORAL ARGUMENT IS REQUESTED**
**TESTIMONY IS NOT REQUIRED**

were material to . . . [the burden of proving the] defense [of qualified immunity]." Id., 374 F.3d at 119 (bracketed portions added to reflect other relevant aspects of the case).

In the earlier trial of the claim against Officer Bergel we specifically asked for such "sufficiently specific" interrogatories to that the Court would have the benefit of the jury's factual findings in order to address our affirmative defense of qualified immunity.  The Court denied our repeated requests for such special factual interrogatories and subsequently denied our post trial motion for new trial on behalf of Ms. Bergel which motion in part relied on that same basis.   The appeal from the verdict and rulings as to Ms. Bergel were dismissed without prejudice because of the absence of a final order.

Granting our motion at this point will save a third trial in this lawsuit if the Court of Appeals were to eventually agree that Ms. Bergel is entitled to a new trial for the reason indicated.

I have contacted my potential witnesses and they are all currently available should the trial proceed on or about September 27, 2004, as Your Honor's Law Clerk has indicated.

**Detailed discussion of reasons for granting the requested relief.**

**1. Nature of the case and prior proceedings.**

This lawsuit alleged separate violations of the plaintiffs Daniel Long's and Yvette Lay's constitutional rights to be free from unreasonable force.

Mr. Long claimed that defendants Dudley and Mastropetre physically

-2-

mishandled Mr. Long at the scene of an automobile accident where the officers claimed Mr. Long, a spectator, was acting bizzarely, failed to obey police orders to remain behind the police line, and then physically resisted the police as they attempted to have Mr. Long examined by nearby ambulance personnel. Mr. Long claimed he was actually suffering from a seizure and posed no apparent threat to the police. The jury returned a verdict in favor of Officer Mastropetre but was unable to reach a verdict with respect to the claim against Officer Dudley. I have just been advised by Your Honor's Law Clerk that retrial of the claim by Mr. Long against Officer Dudley is currently scheduled to begin September 27, 2004.

Yvette Lay, also a spectator at the scene, claimed that she was the victim of excessive force by Officers Sharon Bergel and Racheal Inconiglios.

The jury returned a verdict for Officer Racheal Inconiglios on all claims, in favor of defendant Officer Robert Dudley on the claim by Yvette Long, and in favor of defendant Officer Sharon Bergel on the claim by Daniel Long.

The jury did find against Officer Sharon Bergel on the claim of unreasonable force by Yvette Lay, awarding $5,000.00 compensatory damages to Ms. Lay and assessing $25,000.00 punitive damages against defendant Officer Sharon Bergel.

At the close of the plaintiffs' case all the defendants moved for Judgment as a Matter of the Law. At the close of all the evidence the defendants renewed their motions. Post trial defendant Dudley renewed his Motion for Judgment as

-3-

a Matter of Law, and defendant Bergel moved for a New Trial. Both post trial motions were denied. We appealed on behalf of Ms. Bergel, but after discussion with Staff Counsel Stanley Bass we withdrew the appeal without prejudice on the grounds that there was no final verdict as to all the claims in the case (i.e., the claims of Mr. Long and the claims of Ms. Lay).

**2. Previously stated grounds for new trial.**

We argued that a new trial for defendant Bergel was warranted because of plain and prejudicial error by the Court in failing to have the jury answer special factual interrogatories the defense repeatedly requested (five distinct times, we believe) which were relevant and material to defendant Bergel's affirmative defense of qualified immunity.

It is undisputed that Officer Bergel struck Ms. Lay with a closed fist once, leaving no visible injury.

However, there are two versions of the circumstances under which the punch occurred. If the jury accept Ms. Lay's version that she was punched by even five (5) foot, two (2) inch, 115 pound Officer Bergel only after Ms. Lay was subdued and handcuffed behind the back and while being placed in the rear of the police car then we concede that the force was not reasonable and, also, qualified immunity could not lie because one could not say that other reasonable police officers in the same circumstances might have done the same thing.

_____

The Court will recall that defense counsel had been unable to locate by then retired Officer Bergel for the trial but offered Officer Inconiglios' version of

events the force used by Officer Bergel was manifestly reasonable as a matter of law and, in the alternative, Officer Bergel is entitled to qualified immunity.

-4-

On the otherhand, a different result would have been compelled <u>if</u> the jury accepted Officer Incognilios' description that Ms. Lay was punched once before she was handcuffed and while she struggled to resist being held down and handcuffed and swung her elbows at the two female officers and a hostile crowd gathered round and attempted to interfere. Officer Inconiglios is five (5) feet, five (5) inches tall and weighs about 125 pounds, and Officer Bergel is about the same. In this regard it is also relevant that even the one punch left no visible injury, as documented in a photograph taken by Ms. Lay's husband. In such circumstances the use of one punch was most certainly reasonable, and in the alternative, it was the type of force other objectively reasonable police officers might have used, especially when trained with the "continuum of force" described by Officer Inconiglios.

The special factual interrogatories we requested reflected those two versions of the circumstances the jury heard regarding that undisputed single punch Sharon Bergel gave to Yvette Lay.

The Court even had marked as Court Exhibit No. 4 a handwritten sample prepared by defense counsel. (Copy appended.) The written request, reflecting the substance of the prior oral requests, stated as follows.

> If there is <u>any</u> verdict in favor of <u>Yvette Lay</u>
>
> A. – did you unanimously find that defendant Sharon Bergel punched Yvette Lay after Yvette Lay was handcuffed and at the police car?

Yes \_\_\_\_    No \_\_\_\_

-5-

B. – Did you unanimously find that Yvette Lay was physically resisting the officers attempting to handcuff Yvette Lay when Sharon Bergel punched Yvette Lay.

Yes \_\_\_\_    No \_\_\_\_

The defense repeatedly asked the Trial Court to provide the jury with that special factual interrogatory to answer if it found a verdict in favor of Yvette Lay.

At certain points in the arguments concerning the proposed special factual interrogatory the Trial Court even appeared to acknowledge the appropriateness of such a special factual interrogatory and to even be leaning toward asking it of the jury.

However, the Trial Court finally denied the request, in part expressing the view that as long as there is some evidence from which the jury could have found unreasonable force against Yvette Lay there was no purpose for such a special factual interrogatory. We disagreed, both with the Court ruling on point and particularly with the Court's stated rationale.

That there is some evidence from which the jury might have found the use of unreasonable force against plaintiff Yvette Lay begs the predicate question as to <u>which</u> alternative use of force the jury in fact found.

The purpose of the special factual interrogatory is specifically in order to determine which facts the jury found, both in order to rule post trial on the defense of qualified immunity and to preserve the record for appeal.

Precisely in order to assist the Court should we reach similar

-6-

circumstances, we quoted relevant law in great detail in our pretrial "Defendants' Memorandum Concerning Qualified Immunity: An Issue for the Court to Decide," filed March 13, 2003.

As we noted in our post trial motion, restaing what we had previously set forth in our special trial memorandum concerning Qualified Immunity,

"Immunity ordinarily should be decided by the court. . . ."    Only if there are disputed issues of fact which might affect the Court's determination of a claim of qualified immunity are special factual interrogatories to be submitted to the jury, with the Court rendering its decision after and in light of the answers to the special interrogatories.

**3. Recent Second Circuit ruling on point.**    In Kerman v. The City of New York, et al., 374 F.3d 93 (2d Cir., Decided June 28, 2004) the Second Circuit expressly recognized the significance of providing a jury with "interrogatories . . . sufficiently specific to permit it to resolve the factual disputes that were material to . . . [the burden of proving the] defense [of qualified immunity]."  Id., 374 F.3d at 119 (bracketed portions added to reflect other relevant aspects of the case).

---

Hunter v. Bryant, 502 U.S. 224, 228, 112 S.Ct. 534, 536, 116 L.Ed.2d 589, 595, 596  (1991).

Hunter v. Bryant, 502 U.S. 224, 112 S.Ct. 534, 536, 116 L.Ed.2d 589, 595 (1991); Lennon v. Miller, 66 F.3d 416, 420-421 (2d Cir. 1995); Finnegan v. Fountain, 915 F.2d 817, 821 (2d Cir. 1990); Warren v. Dwyer, 906 F.2d 70 (2d Cir. 1990) (both  Circuit Judge Kaufman, writing for the majority at page 76, and Circuit Judge Winter, dissenting at page 77); Krause v. Bennett, 887 F.2d 362, 368, as amended (2d Cir. 1989).

-7-

In <u>Kerman</u> appeals court concluded that the appellant had in fact waived his qualified immunity defense by having failed to make the very type of request for special factual interrogatories that we did make in the first trial in the instant case.

> . . . [T]here was a … a waiver . . ., for . . .[the defendant police officer], who had the burden of proving his defense of qualified immunity, failed to ask that the jury be given interrogatories that were sufficiently specific to permit it to resolve the factual disputes that were material to his defense.   Although . . . the ultimate question of whether a defendant official is entitled to qualified immunity is one for the court, when the relevant factual disputes have been resolved by a jury the court must base its legal ruling on the facts as found by the jury.   In *Kerman II* [<u>Kerman</u> v. <u>City of New York</u>, 261 F.3d 229 (2d Cir. 2001] we observed that 'a finding that the officers violated the Constitution does not necessarily prevent the application of qualified immunity,' 261 F.3d at 240; that "[o]nce the outstanding factual questions are answered," the court could decide whether, even if . . . [the defendant officer] violated the Fourth Amendment, "he is nevertheless entitled to qualified immunity," *id.* At 241; and that "a jury should decide what transpired between the officers and Kerman," *id.*

<u>Kerman</u> v. <u>City of New York, et al.</u>, <u>supra</u>, 374 F.3d at 120 (bracketed portions added, except for the "o" in the word "once").

<u>Kerman</u>, coincidentally, also involved seizure of a person said to be engaged in somewhat bizarre behavior.

**Conclusion.**

Had counsel for defendant Bergel failed to ask for the special interrogatories in this case we would have been held to have waived that defense.  We should not be placed in the situation of "damned if we do, damned if we don't."

Now, when there is already a second trial about to commence with respect to the claim of Daniel Long against Robert Dudley, Jr., is the appropriate time to cure the defect in Yvette Lay's claim against Officer Bergel and grant a new trial, consolidated

-8-

with the retrial of the claim against Officer Dudley.  The Court will recall that because both incidents occurred at the same accident scene there was substantial overlap in the necessary background evidence of the claims on behalf of, respectively, Mr. Long and Ms. Lay.  The original trial consumed only two days.  The sound use of judicial resources is fostered in this instance by empanelling and paying one new jury instead of two, as well as devoting the time of the Court and respective counsel and certain witnesses to one retrial instead of potentially two.

Respectfully submitted,

_____
Martin S. Echter
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Phone: (203) 946-7964
Fax: (203) 946-7942
Fed. Bar No. ct07596

## Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be mailed, FAXED and MAILED, POSTAGE PREPAID, to The Law Offices of Williams & Pattis, 51 Elm Street, New Haven, CT 06510, this      day of September 2004..

_____
Martin S. Echter

-9-