UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **YVETTE LAY and DANIEL LONG,** : | |
|     Plaintiffs, : | 3:01CV1684(WWE) |
| : | |
| v. : | |
| : | |
| **ROBERT DUDLEY,** : | |
| **OFFICER MASTROPETRE,** : | |
| **OFFICER INCONIGLIOS,** : | |
| **OFFICER BERGEL,** : | |
|     Defendants : | |

**RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

    This matter was tried to a jury on April 10 and 11, 2003. After deliberation, the jury returned a verdict on April 11, 2003, in favor of plaintiff Yvette Lay against defendant Officer Bergel on her claims pursuant to 42 U.S.C. Section 1983.  The jury could not reach a decision as to plaintiff Daniel Long's claims. Pending before the Court is the plaintiff Lay's motion for attorneys' fees and costs in the amount $12,691.56.

**<u>Attorney's Fees</u>**

    The Civil Rights Attorney's Fees Awards Act of 1976, codified at 42 U.S.C. § 1988, provides that the Court may allow the prevailing party a reasonable attorney fee as part of the costs. In the present case, plaintiff was the prevailing party on her claims arising under 42 U.S.C. § 1983.

    The defendant complains that 1) the application for costs is not supported by sufficient documentation or description, 2) there

1

are no contemporaneous time records; 3) the hourly rates are excessive; 4) the total hours claimed are excessive; and 5) the award must be apportioned to reflect only the work relative to the prevailing plaintiff.

Upon review of the application, the Court finds that the hourly rates are reasonable, and that the information is generally sufficient for determination of reasonable attorney fees. However, the Court will strike some of the hours submitted that do not sufficiently detail the relevance to preparation of the prevailing plaintiff's case.

The Court will strike the one hour spent by Attorney Williams on letters to the client and one letter to "HSR." Counsel provides no information concerning the content of such letters or the relevancy of such letters to the preparation of the plaintiff's case. Further, the Court will strike .3 hour spent by Attorney Williams on a motion for reconsideration granting permission to the defendants' attorney to take depositions prior to trial. In a status conference, the Court had previously represented to plaintiff's counsel that such depositions would be allowed. Any objection could have been voiced at that conference. Accordingly, the Court will strike 1.3 hours of Attorney Williams' time.

Defendant urges the Court to strike half of the time submitted by Dawn Westbrook since only one plaintiff prevailed.

2

However, Ms. Westbrook avers that the 46.75 hours submitted was spent on the action relevant to the application for attorney fees. Furthermore, the preparation and presentation of plaintiff Lay's claims were inextricably intertwined with claims of plaintiff Long. Accordingly, the Court will not reduce Attorney Westbrook's hours. Further, the Court will not reduce rate of compensation for Attorney Westbrook's travel time. See Rose v. Heintz, 671 F.Supp.901, 906 (D.Conn. 1987).

### Costs

Plaintiff has submitted a total request of $529.06 for costs. The Court requires further details and documentation regarding the copies of medical records, service fee for the sheriff, subpoena of Tamara Gunther, and copy of deposition transcript. Plaintiff's attorney must clarify whether the costs are relevant to the plaintiff Lay's case and provide receipts or invoices. The motion for costs will be denied without prejudice to refiling.

### Conclusion

The motion for attorney fees [doc. # 49-1] is GRANTED in the amount of $11,772.50. The motion for costs [doc. # 49-2] is denied without prejudice. The plaintiff should submit its motion

for costs to the clerk of the court within 30 days of this Ruling's filing date.

SO ORDERED this 21st day of September, 2004, at Bridgeport, Connecticut.

                    _____/s/_____
                    WARREN W. EGINTON, Senior U.S. District Judge